## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

| | | |
|---|---|---|
| IN RE: | ROBIN EMIS<br>DEBTOR | Case No. 4:16-bk-12201J<br>Chapter 7<br>(converted) |

| | | |
|---|---|---|
| RICHARD L. COX, TRUSTEE | | PLAINTIFF |
| v. | AP No. 4:19-ap-_____ | |
| ROBIN EMIS | | DEFENDANT |

### COMPLAINT TO REVOKE DISCHARGE

Richard L. Cox, Trustee ("Trustee"), through counsel at Williams & Anderson, PLC, for his Complaint to Revoke Discharge against Defendant Robin Emis, states:

1. This is an adversary proceeding to revoke a discharge pursuant to 11 U.S.C. § 727(d) and Bankruptcy Rule 7001(4). Jurisdiction is proper in this court under 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J), and (O).

2. Defendant Debtor Robin Emis ("Debtor" or "Emis") commenced this case by filing a voluntary Chapter 13 petition on April 22, 2016. On notice of the Debtor [Doc. 142], the case was converted to one under Chapter 7 on January 9, 2017 [Doc. 144].

3. Debtor was granted a discharge by order of this Court dated February 26, 2018 [Doc. 234]. This discharge was obtained through fraud of the Debtor, and such fraudulent actions were unknown to the Trustee until after the discharge order was entered.

4. The Debtor obstructed the ability of creditors and the Trustee to obtain information prior to the entry of the discharge order by asserting that such information was subject to a seal and gag order entered in protracted and contentious divorce and custody proceedings between

Debtor and her ex-husband, which remain pending as Pulaski County Circuit Case No. 60DR-10-1616 ("Emis Divorce").

5. Debtor made such assertions as part of sworn testimony on three separate occasions: (1) prior to conversion, in her Chapter 13 § 341 first meeting of creditors, on August 25, 2016; (2) after conversion, in her Chapter 7 first meeting of creditors, on February 7, 2017; and in an examination conducted on behalf of the Trustee by undersigned counsel pursuant to Bankruptcy Rule 2004, in connection with AP No. 4:17-ap-01025 (complaint to turnover property and determine validity of lien against Matthew Campbell, *et al.*)

6. The Trustee has recently received anonymous communication[1] from one or more parties alleging that matters of record in the sealed Emis Divorce prove that Debtor knowingly and intentionally made material misrepresentations in this bankruptcy case.

7. Because the record in the Emis Divorce is sealed, and the parties and their counsel are prohibited from revealing substantive information regarding the proceedings, the Trustee's ability to obtain evidence in support of the anonymous allegations is substantially prejudiced.

8. However, the Trustee was able to obtain a few documents, including a transmittal letter to Judge Welch with proposed findings of fact attached, from counsel to Debtor's ex-husband, Keith Emis ("Proposed Findings"), which was publicly available through the Court Connect system as of February 15, 2019. A copy of the Proposed Findings, including the correspondence, less the Proposed Parenting Plan which is not relevant to this matter, is attached as Exhibit A, and made a part hereof.

---

[1] Notwithstanding the anonymous nature of the communication, which is the result of the seal and gag order in the Emis Divorce, the allegations were determined to be credible.

9. Based on the Proposed Findings, which are supported by references to sealed documents[2], the Trustee states that had the truth been known about the following matters, Debtor's discharge would not have been granted:

   a. Debtor misrepresented her income at the time of conversion. On January 17, 2017, Debtor filed an amended Schedule I [Doc. 155] that reflected monthly income in the amount of $-339.33, and no expectation that the amount would increase or decrease within a year. According to Paragraph 35 of the Proposed Findings, 2017 gross revenues for Law Offices of Miller Emis, P.A. ("LOME"), her sole source of income, were in excess of $90,000.00.

   b. Debtor misrepresented her expenses, including by causing payments to be made under false pretenses to individuals who later returned the funds to her. According to Paragraph 34 of the Proposed Findings, during 2016, Debtor caused cash deposits totaling $9,186.00 to be maJde into an account belonging to her mother, who then returned the sums to Debtor by check. The Trustee notes that these transfers may be included among those underlying the scheduled unsecured claim of Debtor's mother, now deceased, in the amount of $19,500.00.

   c. Debtor used an undisclosed deposit account at SunTrust Bank, opened post-petition, but prior to conversion, to conceal income and assets. Debtor's testimony under oath, also a creditor, was that the account was used for only the few months of 2016 that she was living in Florida, and was no longer in use, and possibly closed, as of December 2017. According to Page 6, FN 9 of the Proposed

---

[2] In anticipation of and in connection with this adversary proceeding, the Trustee has notified Debtor's bankruptcy counsel, counsel for Keith Emis, and Joseph DiPietro of the United States Trustee's office, of his intent to subpoena records in the Emis Divorce based upon the docket sheet and the Proposed Findings, to allow time for the parties to seek relief from the seal and gag order.

        Findings, the account remained open through May of 2018, and was used to make periodic payments in the amount of $2950.00, which were apparently intended to appear to be payments on a lease that Debtor testified was no longer her obligation.

    d. Debtor represented and testified under oath that prior to bankruptcy, she had defaulted on payments under a land sale contract for her residence in Heber Springs ("Heber Residence"), that her brother had separately negotiated an assumption of her obligations with the owners of the Heber Residence (who are his mother-and father-in-law), and that she claimed no equity or other interest in said property. However, page 6, FN 7 of the Proposed Findings states that a mere few days post-discharge, Debtor purchased a life estate in the Heber Residence from her brother at a price of $44,000.00. The Heber Residence was transferred to Debtor's sister less than a week later, according to Calhoun County Assessor's records.

10. Based on information obtained through the Emis Divorce records, and other discovery, the Trustee may exercise his right to seek leave to amend this Complaint to clarify or supplement the claims stated herein.

WHEREFORE, Richard L. Cox, Chapter 7 Trustee, prays that this court enter an order revoking the Debtor's discharge pursuant to 11 U.S.C. § 727(d), and for all other proper relief to which he is entitled.

Respectfully submitted,

RICHARD L. COX, TRUSTEE, Plaintiff
By His Attorney
JAMES E. SMITH (77128)
Williams & Anderson, PLC
111 Center Street, Suite 2200
Little Rock, AR 72201
(501) 396-8443 (direct dial)
(501) 396-8562 (direct fax)
jsmith@williamsanderson.com

By: /s/ James E. Smith
JAMES E. SMITH

## CERTIFICATE OF SERVICE

I, RICHARD L. COX, state that I have on this 20th day of February, 2019, that the above and foregoing Complaint to Revoke Discharge has been delivered via the Court's ECF system to all interested parties on the Court's mailing matrix, and to Matthew Campbell, Pinnacle Law Firm, PLLC via U.S. Mail.

/s/ James E. Smith
JAMES E. SMITH